Ellis *v.* L. & N. R. R. Co.

NASHVILLE, . . . . . DECEMBER TERM, 1876.

THOS. S. ELLIS, Rev. Col. for Sumner Co. *v.* L. & N.
R. R. Co.

CONSTITUTIONAL LAW. *Taxation of railroads.* Under sec. 11 of act of
March, 1875, wherein the mode and manner for the taxation of rail-
roads are provided, to-wit: Authorizing railroads to pay one and a
half per cent. on the gross earnings, thereby exempting all of the
property of such companies as accept the conditions of said section
from taxation, according to the value of the company's property,
equal and uniform with other taxation of property throughout the
State: *Held,* to be unconstitutional, because said section, in effect, for
a consideration, contracts not to tax railroad companies at all. This
cannot be done under our present Constitution.

FROM SUMNER.

Appeal from the Circuit Court. Jo. C. GUILD,
Judge.

J. J. TURNER and ATTORNEY-GENERAL HEISKELL
for plaintiff.

C. R. & LEE HEAD for defendant.

MCFARLAND, J., delivered the following opinion:

I concur in the conclusion reached in the opinion

of the chief justice, but would add that I express no opinion as to those railroads in the State which have accepted the provisions of the 11th section of the act approved March 24, 1875, claiming at the time to be exempt from taxation under their charters.   That part of the road of the defendant now in controversy (being that part of the original line of the Louisville and Nashville, in Tennessee) was not claimed to be exempt from taxation under its charter.   It was, therefore, properly subject to taxation, and the 28th section of art. 2 of the Constitution requires not only that it shall be taxed, but that it shall be taxed according to its value.   The provisions of the first ten sections of the act of March 24, 1875, provides for ascertaining the value, as required by the Constitution, to the end that it be taxed according to its value.   The 11th section does not purport to ascertain the value, but to substitute a fixed tax upon the income, as an amendment to the charter for ten years; and a conclusive argument against this being a compliance with the Constitution as to equity in taxation is, that the rate fixed, one and a half per cent. on the gross receipts, is to remain the fixed rate, as part of the charter, for ten years, no matter how the rate of taxation as to other property may be increased by the public exigencies. But it is said this provision is valid as an amendment to the defendant's charter, and that the Legislature had the undoubted right to provide for the amendment of charters, and as it was competent in the original grant of the charter to exempt the property from taxation, or to stipulate for a fixed sum in lieu

of taxation, that the same might be done by an amendment; that the power of the Legislature in this regard was not changed by the Constitution of 1870.

How this might be when an amendment is granted stipulating for a special tax in consideration of some right released by the corporation, it is sufficient in this case to say that the 11th section of the act of March, 1875, while it purports to offer an amendment to the charter of the several railroads, in reality does no more in respect to roads having or claiming no more exemption than to give to them their election as to which of two modes of taxation they will submit to. It amends the charter in no other respects; it provides for nothing except for the taxation of such companies. As to these railroad companies whose property was exempt from taxation, or claimed to be, so that they could not be taxed except they voluntarily assent thereto by accepting an amendment to their charter upon this consideration, the question would be presented in a different aspect, and as to this I express no opinion. But where no exemption was claimed, it was simply offering to this class of property-holders the right to elect which of two modes of taxation they would adopt, one the mode required by the Constitution, the other entirely different; attempting to do indirectly what could not be done directly, the 11th section, as to this class of roads, acquiring no additional validity by calling it an amendment to the charter. It is, in reality, nothing but a tax law. The fact that this defendant owns other roads in the State, which are claimed to have been exempt from taxation, and which exemption,

it is claimed, was relinquished by accepting the provisions of the 11th section, can, I think, make no difference. Those other roads were constructed under different charters, and are governed by different rights. Accepting an amendment in respect to these roads would furnish no sufficient ground to release this property, which is admitted to have had no exemption.